## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| R.I.L.R., *et al.*, on behalf of themselves and others similarly situated, )<br>)<br>)<br>)<br>*Plaintiffs,* )<br>)<br>*v.* )<br>)<br>Jeh JOHNSON, Secretary of the Department of )<br>Homeland Security, in his official capacity, *et* )<br>*al.* )<br>)<br>*Defendants.* )<br>)<br>) | Civil Action No. 1:15-cv-00011 (JEB) |

### JOINT PROPOSAL

On June 22, 2015, the Court held a status conference with counsel for the parties. At that conference, the Court raised the possibility of administratively closing the instant case in light of the May 13, 2015 policy announcement by U.S. Immigration and Customs Enforcement ("ICE") stating that it would "discontinue invoking general deterrence as a factor in custody determinations in all cases involving families." *See* Press Release, ICE Announces Enhanced Oversight for Family Residential Centers, May 13, 2015, ECF No. 40-1. In order to conserve the resources of the Court, the parties therefore agree that the Court hereby **DISSOLVES** the February 20, 2015 preliminary injunction and associated orders and opinions entered in this case (ECF Nos. 32 and 33), except the portions of such orders and opinions granting Plaintiffs' Motion for Provisional Class Certification, and will **ADMINISTRATIVELY CLOSE** the above-captioned case, subject to the following conditions:

1.  Should the Department of Homeland Security ("DHS") and ICE decide to consider deterrence of future immigration as a factor in such custody determinations involving provisional class members,[1] or to detain provisional class members for the purpose of deterring future immigration to the United States, Defendants will file a notice with the Court at least ten (10) days prior to making any such change to its policy.

2.  Within five (5) days of Defendants' filing of such notification with the Court, if Plaintiffs wish to reinstate the preliminary injunction order previously entered in this case, Plaintiffs must file a motion with the Court requesting that the preliminary injunction previously entered, and now dissolved, be reinstated.  While any such motion is pending before the District Court, DHS and ICE will adhere to the policy announced on May 13, 2015 with respect to custody determinations for provisional class members, and will delay implementation of any change to that policy with respect to provisional class members until the District Court rules on the motion.

3.  Within ten (10) days of Plaintiffs' filing of such a motion, Defendants shall file an opposition to that motion.  Defendants shall bear the burden of showing why the preliminary injunction should not be reinstated either as a matter of fact, law, and/or lack of jurisdiction for the Court to enter an injunction, subject to the same standard that would have governed Defendants' motion for reconsideration of the preliminary injunction (ECF No. 37).

4.  Plaintiffs shall file their reply, if any, within five (5) days of Defendants' filing of their opposition.

---

[1] The portions of this Court's orders and opinions provisionally certifying the class are not dissolved and remain in effect.

5.  The briefing on the motion to reinstate the preliminary injunction may incorporate by reference the briefing filed earlier in this case, subject to any supplemental information or arguments the parties wish to present.

6.  Upon completion of briefing, the Court will issue its ruling on Plaintiffs' motion to reinstate the preliminary injunction.  Either party may request an expedited ruling on the motion, and the Court will endeavor to rule on the motion on an expedited basis.

7.  The parties reserve the right to appeal, pursuant to 28 U.S.C. § 1292(a)(1), from an order granting or denying a motion to reinstate the preliminary injunction.

8.   If a scenario arises in which Defendants have not filed a notice with the Court but Plaintiffs acquire a good faith basis to conclude that DHS and ICE: a) are detaining provisional class members for the purpose of deterring future immigration to the United States, or b) are using deterrence of future immigration as a factor in custody determinations of provisional class members, Plaintiffs shall notify Defendants of their concerns, and shall give Defendants ten (10) days to try to resolve those concerns.  If those concerns cannot be resolved within ten (10) days, or if Plaintiffs earlier conclude after meeting and conferring with Defendants in good faith that further discussion is futile or the situation presents an emergency for provisional class members, Plaintiffs may file a motion with the Court requesting that the preliminary injunction be reinstated, the case be re-opened, and/or other relief be ordered.  Such a motion shall include the basis of Plaintiffs' good faith belief regarding Defendants' actions.  The same briefing schedule set forth in Paragraphs 3 and 4 shall then apply.

9.  Either party may move to administratively reopen the case upon meeting the following conditions: a) the party seeking reopening has provided the opposing party with ten (10)

3

days' notice of their intent to reopen the case; b) the party seeking reopening has met and conferred in good faith with the opposing party regarding their reason(s) for seeking reopening; and c) the party seeking reopening certifies in good faith that the parties are unable to amicably resolve the issue(s) prompting the motion to reopen the case.   Upon the filing of a motion to reopen by either party, the Court will endeavor to promptly schedule a status conference to determine the appropriate next steps in the case.

Dated: June 26, 2015                             Respectfully submitted,


                                                  /s/ Dennis B. Auerbach (with permission)
Judy Rabinovitz                                  Dennis B. Auerbach (D.C. Bar No. 418982)
Michael K.T. Tan                                 David M. Zionts (D.C. Bar. No. 995170)
Anand V. Balakrishnan                            Philip Levitz (D.C. Bar No. 1018430)
Lindsay Nash                                     Sonia Lahr-Pastor*
AMERICAN CIVIL LIBERTIES UNION                   COVINGTON & BURLING LLP
FOUNDATION, IMMIGRANTS' RIGHTS PROJECT           One CityCenter
125 Broad Street, 18th Floor                     850 Tenth St., N.W.
New York, NY 10004                               Washington, D.C.  20001–4956
(212) 549-2618                                   (202) 662-6000


Stephen B.  Kang                                 Arthur B. Spitzer (D.C.  Bar.  No.  235960)
AMERICAN CIVIL LIBERTIES UNION                   AMERICAN CIVIL LIBERTIES UNION OF THE
FOUNDATION, IMMIGRANTS' RIGHTS PROJECT           NATION'S CAPITAL
39 Drumm Street                                  4301 Connecticut Avenue, N.W., Suite 434
San Francisco, CA 94111                          Washington, D.C. 20008
(415) 343-0783                                   (202) 457-0800


Witold J.  Walczak                               Molly Tack-Hooper
ACLU OF PENNSYLVANIA                              ACLU OF PENNSYLVANIA
313 Atwood Street                                P.O.  Box 40008
Pittsburgh, PA  15213                            Philadelphia, PA 19106
(412) 681-7864                                   (215) 592-1513 x 113


Denise Gilman                                    Adriana Piñon
IMMIGRATION CLINIC                               Rebecca L.  Robertson
UNIVERSITY OF TEXAS SCHOOL OF LAW                ACLU OF TEXAS
727 E.  Dean Keeton St.                          1500 McGowen Street, Suite 250
Austin, TX 78705                                 Houston, Texas 77004
(512) 232-1292                                    (713) 942-8146


                                                 *Admitted to the Bar of the Commonwealth of
                                                 Pennsylvania, admission to the Bar of the
                                                 District of Columbia pending, and supervised
                                                 by the principals of the firm.


                            *Counsel for Plaintiffs*

VINCENT H. COHEN, JR., D.C. Bar #471489
Acting United States Attorney

DANIEL F. VAN HORN
Chief, Civil Division
D.C. Bar #924092

BY: /s/ Wynne P. Kelly (with permission)
WYNNE P. KELLY
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C. 20530
Wynne.Kelly@usdoj.gov
Phone: (202) 252-2545

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
Civil Division

LEON FRESCO
Deputy Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation

WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation

BY: /s/ Sarah B. Fabian
SARAH B. FABIAN
Senior Litigation Counsel
District Court Section
Office of Immigration Litigation
Civil Division, U.S. Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Phone: (202) 532-4824
Fax: (202) 616-8962
Sarah.B.Fabian@usdoj.gov

*Counsel for Defendants*

CERTIFICATE OF SERVICE

       I hereby certify that on June 26, 2015, I electronically transmitted the attached motion using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants for this case.


Date: June 26, 2015          Signed:        /s/  Sarah B. Fabian
                                         Sarah B. Fabian
                                         U.S. Department of Justice

                                         Attorney for Defendants